United States District Court
Southern District of Texas
**ENTERED**
September 24, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KIRK JOHN NORTHUP, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00146 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Kirk John Northup is an inmate at the Aransas County Jail in Rockport, Texas. Northup filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 on July 12, 2021. (D.E. 1, 6). Northup challenges his conviction for robbery, raising a single claim that he is actually innocent and that another man committed the robbery. For the reasons discussed further below, it is recommended that Northup's petition be dismissed prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases because it is plain from the petition and attached exhibits that Northup is not entitled to relief.

### I. DISCUSSION

In his petition and attached memorandum of law, Northup contends that newly discovered evidence establishes that he is actually innocent and that a man named Jeffrey Zimmerman committed the robbery. (D.E. 1 at 6; D.E. 6 at 1-4). He contends that he just

learned Zimmerman's full name and that Zimmerman has a tattoo that matches a description given by the victim. (D.E. 1 at 6, 8-9; D.E. 6 at 3-4).

A federal habeas petitioner is not entitled to relief based on a freestanding claim that newly discovered evidence shows that he is actually innocent. *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993). A claim of actual innocence in a federal habeas case is instead cognizable only to "seek excusal of a procedural error so that [the petitioner] may bring an independent constitutional claim." *Id.* at 404. In other words, there is a distinction between "habeas petitioners who assert that their actual innocence in itself presents a violation of their constitutional rights," whose claim is not cognizable, and "petitioners who assert that their actual innocence acts as a catalyst to bring them within that narrow class of cases in which the refusal of the court to hear their underlying constitutional claims will result in a fundamental miscarriage of justice," whose claim is cognizable for a limited purpose. *Lucas v. Johnson*, 132 F.3d 1069, 1076 (5th Cir. 1998) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). For petitioners in the latter group, they must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). If the petitioner makes this showing, then the court may proceed to consider the merits of the otherwise barred underlying constitutional claims. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).

Here, Northup has raised only a freestanding claim of actual innocence based on newly discovered evidence, which is not cognizable in a § 2254 petition. *See Herrera*, 506 U.S. at 404-05; *Lucas*, 132 F.3d at 1075-76. An actual-innocence claim in a § 2254 petition serves only as a gateway through which a federal court may consider other constitutional

2

claims that would otherwise be procedurally barred. *Herrera*, 506 U.S. at 404-05. Northup has not raised any other constitutional claims.

## II. RECOMMENDATION

Accordingly, it is recommended that Northup's § 2254 petition (D.E. 1) be DISMISSED pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases. It is plain from the petition and attached exhibits that Northup is not entitled to relief.

Respectfully submitted on September 24, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).