United States District Court
Southern District of Texas
**ENTERED**
December 03, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KIRK JOHN NORTHUP, | § § | |
| Petitioner, | § | |
| VS. | § § | CIVIL ACTION NO. 2:21-CV-146 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation (M&R). (D.E. 13). The parties were provided proper notice of, and the opportunity to object to, the Magistrate Judge's M&R. *See* U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); General Order No. 2002-13. Petitioner timely filed objections to the M&R. (D.E. 14).

Having carefully reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Petitioner's objections were directed, 28 U.S.C. § 636(b)(1), the Court **OVERRULES** Petitioner's objections in their entirety. (D.E. 14). The issue that the Magistrate Judge analyzed when screening the habeas corpus petition was whether Petitioner correctly raised a claim for actual innocence in a federal habeas case. (D.E. 13). Petitioner challenged his robbery conviction, raising a single claim that he is innocent and that another man committed the robbery. (D.E. 1). The Magistrate Judge concluded that Petitioner pled a "freestanding claim" that "newly discovered evidence" shows his

innocence, and that is not a cognizable claim for a habeas petition pursuant to 28 U.S.C. § 2254. (D.E. 13, p, 2). The Court agrees. As stated in *Herrera v. Collins*, 506 U.S. 390, 404 (1993), "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." As the Magistrate Judge pointed out, Petitioner raised no other constitutional claims in his petition, nor did he raise any in his objections to the M&R. *See* (D.E. 1; D.E. 13, p. 3; D.E. 14). For this reason, Petitioner's objections are **overruled**. (D.E. 14).

## Conclusion

(1) Petitioner's D.E. 14 objections are **OVERRULED**.

(2) The Court **ADOPTS** the M&R in its entirety. (D.E. 13).

(3) Petitioner's 28 U.S.C. § 2254 petition (D.E. 1) is **DISMISSED** pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases.

A final judgment will be entered separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
December 1st, 2021